[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
CT Page 4082-NN
Marie D. Reardon, the defendant operator, has already filed Special Defenses (emphasis added) against each of the named plaintiffs, John D. DiLorenzo, Jr., also an operator; and his passenger, James Geraci, and alleges that DiLorenzo's negligence was a substantial factor in causing the auto accident. Since DiLorenzo is a party, this apportionment complaint brought pursuant to Public Act 95-111 against him for the injuries allegedly suffered by his passenger, Geraci, is legally insufficient. That Act authorizes such suits only against non-parties. The motion to strike is granted. See Adams v. Crowder, Superior Court, judicial district of New Haven, Docket No. 356975 (August 3, 1994) (Zoarski, J.) (holding that it is unnecessary to join a co-plaintiff as an additional party defendant for the purpose of apportioning liability); Voog v. Lindsay, Superior Court, judicial district of Waterbury, Docket No. 313610 (March 22, 1994) (Flynn, J.) (holding that it is unnecessary to join an individual as a party in order to apportion liability where that person already enjoys party status because he brought the lawsuit); Miano v. Bazzano, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 5105098 Conn. L. Rptr. 284 (January 27, 1993) (Hale, STR).